UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LANEL WIMBERLY,

        Petitioner,

v.                                          CAUSE NO. 3:19-CV-1202-DRL-MGG

WARDEN,

        Respondent.

## OPINION AND ORDER

Lanel Wimberly, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF 19-5-626) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possession of a controlled substance in violation of Indiana Department of Correction Offense 202. Following a disciplinary hearing, he was sanctioned with a loss of forty-five days earned credit time. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Mr. Wimberly argues that he is entitled to habeas relief because he did not possess a controlled substance and because correctional officials did not test the purported contraband to confirm that it was a controlled substance.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes an incident report in which a correctional officer wrote that, at 2:00 a.m. in Mr. Wimberly's cell, he found an unknown substance spread out on the floor and rolled up for smoking. He wrote that the unknown substance was in a common area of the cell and that both cellmates denied ownership. The fact that an unknown substance has been rolled for smoking suggests that the substance is a controlled substance, and its presence in Mr. Wimberly's cell suggests that it belonged to him. The incident report thus constitutes some evidence that Mr. Wimberly possessed a controlled substance. Therefore, the claim that the hearing officer lacked sufficient evidence for a finding of guilt is not a basis for habeas relief.

Because it is clear from the petition and attached exhibits that Mr. Wimberly is not entitled to habeas relief, the petition is denied. If Mr. Wimberly wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the petition pursuant to Section 2254 Habeas Corpus Rule 4;

(2) WAIVES the filing fee;

(3) DIRECTS the clerk to enter judgment and to close this case; and

(4) DENIES Lanel Wimberly leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

February 19, 2020              *s/ Damon R. Leichty*
                               Judge, United States District Court